**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-6279

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CALVIN LEE EVERETTE,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Terrence W. Boyle, District Judge.  (CR-01-68; CA-04-358)

Submitted:  April 19, 2006              Decided:  May 2, 2006

Before MOTZ and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Calvin Lee Everette, Appellant Pro Se. Rudolf A. Renfer, Jr., Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Calvin Lee Everette seeks to appeal the district court's order dismissing his 28 U.S.C. § 2255 (2000) motion. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

When the United States or its officer or agency is a party, the notice of appeal must be filed no more than sixty days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). This appeal period is "mandatory and jurisdictional." Browder v. Dir., Dep't of Corr., 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)).

The district court's order denying Everette's Fed. R. Civ. P. 59(e) motion was entered on the docket on November 4, 2004. The notice of appeal was filed on January 7, 2005.* Because Everette failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal. We deny Everette's motion to compel production of transcripts and dispense with oral argument because the facts and legal contentions

_____

*For the purpose of this appeal, the notice of appeal is considered filed on the date it was delivered to prison officials for mailing to the court. Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266 (1988).

are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED
